Appeals by the defendants Braddock Automatic Music Corporation and Albert J. Bailey, Jr., from the verdicts rendered against them in Supreme Court, Ulster County, in favor of William H. Dougherty, as administrator, etc., George G. Miller, Gerald Hanson, Francis S. Hanson and Albert Bailey, Sr., and from the orders denying the motions of the defendants to set aside said verdicts. Also appeal by Albert Bailey, Jr. and Braddock Automatic Music Corporation, as plaintiffs, from a judgment of the Supreme Court, Ulster County, in favor of the defendants Gerald Hanson and Francis S. Hanson upon a verdict of no cause of action and from an order denying their motion to set aside said verdict. The actions, six in all, arose out of a head-on collision between an automobile driven by Francis S. Hanson, owned by Gerald Hanson, in which the deceased and George Miller were riding as passengers, and an automobile owned by the Braddock Automatic Music Corporation, which was being driven by Bailey, Jr., and in which Bailey, Sr., was riding as a passenger. The accident occurred on a relatively straight road at about 5:00 a.m. on a foggy morning. There was evidence from which the jury could properly find that the Braddock Corporation automobile was being driven on the wrong side of the road. The verdicts were not against the weight of evidence. Testimony that another passenger in the Hanson car had settled his claim against these appellants was properly received as bearing upon his credibility. The jury was properly instructed that a statement of the deceased passenger concerning the accident was not binding upon these appellants. The questions of negligence, contributory negligence and proximate cause were amply and explicitly covered in the charge to the jury. There was no need to reiterate these rules in connection with the requests to charge. The appellants’ requests to charge concerning the effect of the driver’s drinking upon the rights of the parties was technically correct. However, the weight of evidence indicates that intoxication played no part in this unfortunate accident and hence, any error in refusing to grant the request is immaterial and may be disregarded. The court was not required to aid appellant’s counsel in his attempted justification of his failure to question his own client concerning the happening of the accident *924 and the refusal to charge in that respect was proper. The court properly sustained an objection to a question put to the passenger in appellant’s car as to whether or not he had any complaint concerning the manner in which it was being driven. The question called for an expression of opinion on the part of the witness concerning the driver’s conduct, not what was said or done. The objections to the testimony concerning the marks on the highway and as to the witness Burlarley’s testimony in its entirety go to the weight and not admissibility of such evidence. The damages awarded in the death action were neither excessive nor based on incompetent proof. Judgments unanimously affirmed, with one bill of costs to the plaintiffs-respondents Gerald Hanson and Francis S. Hanson, and one bill of costs to each of the other plaintiffs-respondents against the defendants-appellants, Braddoek Automatic Music Corporation and Albert J. Bailey, Jr. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.